IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **SUMMIT FINANCIAL RESOURCES L.P.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 3:07-CV-00187-MJR-CJP** |
| | ) | |
| **BIG DOG ENTERPRISES LOGISTICS, LLC, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| **PEERLESS PREMIER APPLIANCE CO.,** | ) | |
| | ) | |
| Counterclaim/Interpleader Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **SUMMIT FINANCIAL RESOURCES L.P., et al.,** | ) | |
| | ) | |
| Counterclaim/Interpleader Defendant. | ) | |
| **PEERLESS PREMIER APPLIANCE CO.,** | ) | |
| | ) | |
| Cross-claim/Interpleader Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **BIG DOG ENTERPRISES LOGISTICS, LLC, et al.,** | ) | |
| | ) | |
| Cross-Claim/Interpleader Defendants. | ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge**:

On August 24, 2007, the Court granted Plaintiff Summit Financial Resources, L.P.'s motion for default judgment against several cross-claim interpleader defendants, including

-1-

Yellow Transportation, Inc. ("Yellow") (Doc. 126).  On October 4, 2007, Yellow moved to vacate the default judgment and represented to the Court that cross-claim / interpleader plaintiff Peerless-Premier Appliance Co. did not object (Doc. 147).  The Court ordered any party objecting to Yellow's motion to respond by October 26, 2007, and no objections were filed.  Plaintiff Summit Financial Resources submitted a notice of non-opposition to the motion (Doc. 150).

**Federal Rule of Civil Procedure 60(b)(1)** provides: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ."  The movant has the burden to prove that excusable neglect exists.  *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994).  The movant must show "(1) 'good cause' for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original complaint."  *Id.*

Yellow argues that good cause exists here because it has a system in place to safeguard against default judgments.  In spite of this system, however, Yellow states that its failure to timely answer "was the product of isolated human error" and points to cases in other Circuits finding that similar factual circumstances have been found to constitute excusable neglect.  *See Owens-Illinois, Inc. v. T&N Ltd.*, 191 F.R.D. 522 (E.D. Tex. 2000).

Yellow also argues that it quickly filed its motion to vacate default judgment, approximately one month after default judgment was entered.

Finally, Yellow argues that it has a meritorious defense because it has a claim to $57,812.29 of the stake, which will be lost if default judgment is not vacated.

-3-

After fully considering the circumstances in this case, including the fact that no party objects to the motion to vacate, the Court **FINDS** that Yellow Transportation, Inc.'s failure to answer was the product of excusable neglect, **GRANTS** the motion (Doc. 147), and **VACATES** the default judgment as to Yellow Transportation, Inc. Finally, the Court **ORDERS** Yellow Transportation to file its answer in this case by November 19, 2007.

**IT IS SO ORDERED.**

**DATED this 6th day of November 2007.**

<u>s/ Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**