**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **SUMMIT FINANCIAL RESOURCES L.P.,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | **Case No. 07-CV-00187-MJR** |
| **BIG DOG ENTERPRISES LOGISTICS, LLC, d/b/a FREIGHT HAULING LOGISTICS, DAVID HURSEY, THE HURSEY GROUP, LLC, AND PEERLESS-PREMIER APPLIANCE CO.,** | |
| Defendants. | |
| **PEERLESS PREMIER APPLIANCE CO.,** | |
| Counterclaim/Interpleader Plaintiff, | |
| v. | |
| **SUMMIT FINANCIAL RESOURCES L.P** | |
| Counterclaim/Interpleader Defendant. | |
| **PEERLESS PREMIER APPLIANCE CO.,** | |
| Cross-claim/Interpleader Plaintiff, | |
| v. | |
| **BIG DOG ENTERPRISES LOGISTICS, LLC, d/b/a FREIGHT HAULING LOGISTICS, DAVID HURSEY, THE HURSEY GROUP, LLC,** | |
| And | |
| **BIH EXPRESS, BRANKO'S EXPRESS, BUSKE LOGISTICS, CSX CRITICAL** | |

| | |
|---|---|
| **CAPACITY, CSX TRANSPORTATION, INC., DINO'S TRUCKING, DRY ICE SALES & SERVICE, INC., ESI-EXPRESS SYSTEMS, ESTES EXPRESS LINES, FED EX FREIGHT-EAST, GREEN MOUNTAIN, H. C. PARRISH TRUCK SERVICE, INC., HYUNDAI AMERICAN SHIPPING AGENCY, A SUBSIDIARY OF HYUNDAI INTERMODAL, J & J TRUCK SERVICES, JUNG TRUCK SERVICES, KELLY CORPORATION, LANDSTAR RANGER, LITAS, INC., LONG HAUL DELIVERY SERVICE, MAK EXPRESS, INC., OBRADOVIC TRUCKING, INC., OSBORN TRANSPORTATION, INC., OVERNIGHT TRANSPORT-UPS FREIGHT, PRIDE INTERMODAL, INC., REGGIE'S TRUCKING, SCHNEIDER NATIONAL CARRIERS, TRANSPORT ONE, WEBB FARMS SERVICES, WERNER ENTERPRISES, AND YELLOW TRANSPORTATION, INC.,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Cross-Claim/Interpleader Defendants. | ) |

## ORDER

**REAGAN, District Judge**

On October 23, 2007, CSX Critical Capacity, CSC Transportation, Inc., and CSX Intermodal, Inc. moved the Court to drop CSX Critical Capacity and CSX Transporation as Interpleader Defendants and add CSX Intermodal, Inc. as a party under Federal Rule of Civil Procedure 21 (Doc. 152). In support of its motion, Defendants stated that CSX Intermodal is the entity that holds a claim against the Stake, not CSX Critical Capacity or CSX Transportation, Inc. To date, no party has responded to the motion.

**FEDERAL RULE OF CIVIL PROCEDURE 21** provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party.

In determining whether or not parties should be dropped or added under Rule 21, the Court considers whether that action will serve the ends of justice, result in prejudice to any party, result in undue delay, or unnecessarily create duplicative litigation. *See, e.g., Stark v. Independent Sch. Dist. #640*, **163 F.R.D. 557, 564 (D. Minn. 1995); Kingsford v. Maryland Nat'l Bank, 1992 WL 309784, *1 (S.D.N.Y. Oct. 9, 1992) (unpublished).**

Here, it appears that the parties have been on notice of the fact that CSX Intermodal is the entity that has a claim to the stake and that CSX Transportation and CSX Critical Capacity do not. Additionally, no party has filed an objection to the Defendants' motion to substitute parties. The Court is not aware of any reason why the proposed substitution of would prejudice any party to this action. Rather, substitution will serve the ends of justice and further the prompt and efficient disposition of this litigation.

Accordingly, the Court hereby **GRANTS** the motion to substitute parties (Doc. 152), **DISMISSES** CSX Critical Capacity and CSX Transportation, Inc. as Interpleader Defendants, and **ADDS** CSX Intermodal, Inc. as an Interpleader Defendant. As a result, the Court **DENIES AS MOOT** CSX Critical Capacity's motion to dismiss (Doc. 63).

**IT IS SO ORDERED.**

**DATED this 29th day of January 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**
