**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **SUMMIT FINANCIAL RESOURCES L.P.,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| **BIG DOG ENTERPRISES LOGISTICS, LLC, d/b/a FREIGHT HAULING LOGISTICS, DAVID HURSEY, THE HURSEY GROUP, LLC, and PEERLESS-PREMIER APPLIANCE CO.,** | ) ) ) ) ) ) ) | Case No. 07-CV-0187-MJR-CJP<br><br>CONSOLIDATED WITH<br><br>Case No. 07-CV-0361-MJR-CJP |
| Defendants. | ) ) | |
| **PEERLESS PREMIER APPLIANCE CO.,** | ) ) ) | |
| Counterclaim/Interpleader Plaintiff, | ) ) | |
| v. | ) ) | |
| **SUMMIT FINANCIAL RESOURCES L.P.,** | ) ) ) | |
| Counterclaim/Interpleader Defendant. | ) ) | |
| **PEERLESS PREMIER APPLIANCE CO.,** | ) ) ) | |
| Cross-claim/Interpleader Plaintiff, | ) ) | |
| v. | ) ) | |
| **BIG DOG ENTERPRISES LOGISTICS, LLC, d/b/a FREIGHT HAULING LOGISTICS, DAVID HURSEY, THE HURSEY GROUP, LLC,** | ) ) ) ) ) | |
| And | ) ) | |
| **CSX INTERMODAL, INC., ESTES EXPRESS LINES, OVERNIGHT** | ) ) ) | |

| | |
|---|---|
| TRANSPORT-UPS FREIGHT, LANDSTAR RANGER, SCHNEIDER NATIONAL CARRIERS, and YELLOW TRANSPORTATION, INC., | ) ) ) ) ) |
| Cross-Claim/Interpleader Defendants. | ) |

## ORDER

**REAGAN, District Judge**

On June 25, 2007, Peerless Premier Appliance Company (Peerless) moved this Court to dismiss Peerless from this action with prejudice and discharge Peerless from further liability once it deposited the interpleader stake into the Court's registry (Doc. 79). In addition, Peerless moved the Court to enjoin all parties to the lawsuit from instituting any action against Peerless with respect to the claims at issue in the case.[1] On July 12, 2007, Peerless filed a notice informing all parties that it had paid a sum of $409,980.56 into the Court's registry (Doc. 98).

A variety of interpleader Defendants have filed objections to Peerless's motion to dismiss (See Docs. 86, 95, 103, 110, 111, 113, 114, 120 & 122). Schneider National Carriers and Estes Express Lines argue that it is not clear that the amount Peerless paid into the stake is sufficient to cover the parties' claims (See Docs. 86, 110, 111 & 113). Estes further states that a review of its invoices indicates that Peerless currently owes payment on nearly 500 invoices that do not match those Peerless identifies as claims associated with the stake (Doc. 122). Estes further argues that the stake does not include Peerless's liability for charges, interest, penalties, and fees owed under undisputed tariffs, which may total over $100,000.

Defendants Big Dog Enterprises Logistics, The Hursey Group, and David Hursey (the Big Dog Parties) also filed objections on the grounds that the original complaint in the

---

[1] Specifically, Peerless referred to a pending action brought by Estes Express Lines against Peerless (Case No. 07-0361). That case has now been consolidated with the above-captioned action (See Doc. 141).

action sought damages totaling $436,603.06 (Doc. 114). As Peerless only deposited $409,980.56, the Big Dog Parties argue that Peerless has not yet tendered the full and maximum amount of its liability, nor has Peerless deposited amounts it may owe in interest and attorney's fees.

There is merit to the parties' objections. **Title 28, Section 2361 of the United States Code** provides that a "district court shall hear and determine the [action for interpleader], and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment." However, as a general rule, the stakeholder may not be discharged unless the stakeholder has deposited the entire stake into the Court's registry. *See* **28 U.S.C. § 1335(a)(2).** Here, the parties have filed a variety of counterclaims and crossclaims against Peerless and have provided the Court, in most cases, with statements of their maximum claims.[2] Those claims total over $500,000, not including amounts for interest, costs, and fees. As such, there is a significant question as to whether the amount currently deposited with the Court is sufficient to cover the parties' claims. Until the parties determine and agree upon the amount of the stake, or until the Court itself is able to establish the proper amount of the stake, the Court cannot dismiss Peerless from the interpleader action.

---

[2] CSX Intermodal Inc. filed a statement with a maximum claim of $211,088.71 (Doc. 128). Landstar Ranger, Inc. filed a statement with a maximum claim of $5,450.00, plus interest and attorney's fees (Doc. 137). Estes Express Lines filed a statement with a maximum claim of $236,472.11, plus interest and attorney's fees (Doc. 139). Schneider National Carriers filed a statement with a maximum claim of $19,784.00, plus interest, costs, and attorney's fees (Doc. 142). Yellow Transportation, Inc. did not file a statement of its maximum claim because the default judgment against Yellow was not vacated until November 6, 2007 (See Doc. 156). However, Yellow has filed a crossclaim against Peerless and the stake for $57,812.29 (Doc. 158). Overnite Transportation-UPS Freight has not filed a statement of its maximum claim, nor has it filed any crossclaims or counterclaims against Peerless or the stake, because the Court vacated the default judgment against Overnite on March 12, 2008 (Doc. 226). However, in its motion to vacate, Overnite estimated its claim to be worth approximately $75,000.

However, before the Court can do so, it must address a more pressing issue raised in the parties' filings: whether this is a proper interpleader action at all. Though Estes Express Lines never filed a motion specifically challenging this Court's subject matter jurisdiction over the interpleader action, Estes repeatedly addresses the issue in its filings (Docs. 113 & 122). However, even where the parties themselves do not raise a challenge to jurisdiction, it is the Court's obligation to inquire into subject matter jurisdiction where it may be lacking. *See Wernsing v. Thompson*, **423 F.3d 732, 742-43 (7th Cir. 2005) (explaining that a federal court must police subject matter jurisdiction and may raise the issue sua sponte).**

In an action for statutory interpleader, the district courts have subject matter jurisdiction over actions where (1) two or more adverse claimants (2) who are minimally diverse (4) assert competing claims of entitlement to a single identifiable fund or property (5) worth $500 or more. **28 U.S.C. § 1335;** *see Indianapolis Colts v. Mayor & City Council of Baltimore*, **733 F.2d 484, 486-87 (7th Cir. 1984).** The purpose of interpleader "is to enable a neutral stakeholder . . . to shield itself from liability for paying over the stake to the wrong party." *Indianapolis Colts*, 733 F.2d at 486. Stated another way, interpleader actions protect innocent stakeholders from the possibility of defending multiple claims where there are not multiple obligations. *See In re Mandalay Shores Co-Op. Housing Ass'n, Inc.*, **21 F.3d 380 (11th Cir. 1994) ("Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner.").**

Cases dealing with similar interpleader actions among motor carriers are scant in the Seventh Circuit, and Estes's arguments raise a number of concerns as to whether this Court can properly excercise interpleader jurisdiction over the present action. First, is Peerless an

innocent party who faces a real risk of double payment for a single liability? Stated a different way, is there actual "adversity" between claimants in this case? Peerless essentially asserts that Summit is adverse to the collective claims of the carriers. On the other hand, Estes argues that Peerless is liable to each individual carrier due to its own contractual obligations and bills of lading, irrespective of any obligation it may have to pay Big Dog or Summit.[3] Though the Court states no opinion as to the merit of Estes's informal jurisdictional challenge at this time, there appears to be a legitimate question as to whether there are adverse claimants in this interpleader action.

The second question raised by Estes's filings is whether the proposed stake is composed of a single identifiable fund? Peerless composed the stake from the sum total of the invoices arising from shipping transactions brokered by Big Dog. Peerless presents this as a single fund because Summit claims a right to all of these payments. On the other hand, Estes argues that each shipping transaction arises from a separate bill of lading issued by carriers, which results in "multiple contract claims to monies against the same party, but not against the same fund" (Doc. 122). As such, there is legitimate concern about whether the parties claims pertain to a single identifiable fund.

---

[3] In suport of its argument, Estes cites **49 U.S.C. § 13706**. Additionally, it bears noting that there is at least some authority in other circuits suggesting that a shipper might be subject to double liability in certain factual circumstances. ***See Oak Harbor Freight Lines, Inc. v. Sears Roebuck & Co.*, 513 F.3d 949 (9th Cir. 2008); *Hawkspere Shipping Co. v. Intamex, S.A.*, 330 F.3d 225 (4th Cir. 2003); *Strachan Shipping Co. v. Dresser Indus., Inc.*, 701 F.2d 483 (5th Cir. 1983); *Nat'l Shipping Co. of Saudi Arabia v. Omni Lines, Inc.*, 106 F.3d 1544 (11th Cir. 1997).** However, other courts, including the Seventh Circuit, have found that equitable estoppel bars multiple liability against an innocent shipper in certain factual circumstances. ***See EF Operating Corp. v. Am. Bldgs.*, 993 F.2d 1046 (3d Cir. 1993); *Olson Distributing Systems, Inc. v. Glasurit America, Inc.*, 850 F.2d 295 (6th Cir. 1988); *Consol. Freightways Corp. v. Admiral Corp.*, 442 F.2d 56 (7th Cir. 1971).** The Court need not and does not assert an opinion at this time as to whether any of these cases apply or are persuasive in resolving the above-captioned action.

Because the record lacks sufficient information with respect to the contractual rights and obligations of the parties (i.e., the terms of the bills of lading, the rights of parties against the broker, etc.), the Court is unable at this time to determine whether subject matter jurisdiction properly lies in this interpleader action. As such, the Court orders the parties to submit jurisdictional memoranda addressing these issues.

Accordingly, the Court **DENIES** Peerless's motion to dismiss (Doc. 79) at this time and **DIRECTS** the parties to file jurisdictional memoranda in response to the Court's concerns. The jurisdictional memoranda shall be filed **no later than April 4, 2008.**

**IT IS SO ORDERED.**

**DATED this 13th day of March 2008.**

<u>s/ Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**