IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SUMMIT FINANCIAL RESOURCES, L.P., )
ESTEES EXPRESS LINES, INC.,          )
                                     )
        Plaintiffs,                  )
                                     )
v.                                   )        **Civil No. 07-187-MJR**
                                     )
**BIG DOG ENTERPRISES LOGISTICS**,   )
**et al.**,                          )
                                     )
        Defendants.                  )

## ORDER

**PROUD, Magistrate Judge:**

Before the court is Summit Financial Resources, L.P.'s Second Motion to Compel

Production of Rule 26(a)(1) Disclosure Documents from Big Dog Enterprises Logistics, LLC,

The Hursey Group, LLC, and David Hursey.  **(Doc. 294)**.

Defendants have not filed a response, and the time for doing so has now expired.[1]  The

court considers the failure to respond to be an admission of the merits of the motion.  SDIL-LR

7.1

The court previously ordered these defendants to "to serve initial disclosures to make all

documents identified therein available for inspection and copying by **December 20, 2007**."  **See,**

**Doc. 166**.  Defendants served their initial disclosures on December 20, 2007, but, despite the

clear order of the court, they did not produce the documents identified for inspection and

---

[1]Defendants Big Dog Enterprises Logistics, LLC, The Hursey Group, LLC, and David
Hursey filed a pleading at Doc. 298 which was docketed by counsel as a response to Docs. 294,
295, and 297.  Despite the docketing entry, that pleading responds only to Doc. 297, and does
*not* respond to the instant motion.

1

copying.  Attached to the motion is the affidavit of an attorney for Summit which explains that "Prior to filing this suit, in February, 2007, Summit engaged Bronsky & Company to conduct a field examination of Big Dog.  Bronsky & Company obtained certain records, which were provided to Summit.  These document included a portion of the records identified in the initial disclosures of the Big Dog Defendants." **Affidavit of Burke Gappmeyer, ¶5**.  Also attached are a series of e-mails between counsel for the parties which indicate that the documents were returned by the auditors on September 7, 2007.  This exchange indicates that Summit's attorney had arranged for a copy service to pick up the documents from Big Dog's attorney and copy them.  On January 29, 2008, Big Dog's attorney wrote ""Your client copied all of the documents that were removed ....twice."  He also stated that, if Summit filed a motion for sanctions, "I will file a counter motion, noting that your client had access and in fact possession of the documents for several months and that your client copied them."  **Ex. M**.  Big Dog has not filed a motion for sanctions.

The court's order of December 7, 2007, was clear.  Defendants were ordered to make the documents available for inspection and copying.  They have not done so, and have offered no sufficient reason for their failure.

Upon consideration and for good cause shown, Summit Financial Resources, L.P.'s Second Motion to Compel Production of Rule 26(a)(1) Disclosure Documents from Big Dog Enterprises Logistics, LLC, The Hursey Group, LLC, and David Hursey **(Doc. 294)** is **GRANTED as follows**:

1. Defendants Aged Assets, LLC, Commercial Property Management, LLC, and Hursey Technology, LLC, are ordered to produce to counsel for Summit copies of

all documents identified in defendants' initial disclosures no later than

**September 10, 2008**.

2.    The costs of copying and serving the documents shall be borne by defendants

Aged Assets, LLC, Commercial Property Management, LLC, and Hursey

Technology, LLC.

**IT IS SO ORDERED.**

**DATE:  September 3, 2008.**


**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**