IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**SUMMIT FINANCIAL RESOURCES, L.P.,** )
**ESTEES EXPRESS LINES, INC.,** )
)
    Plaintiffs, )
)
v. )   **Civil No. 07-187-MJR**
)
**BIG DOG ENTERPRISES LOGISTICS**, )
**et al.,** )
)
    Defendants. )

## ORDER

**PROUD, Magistrate Judge:**

Before the court is Summit Financial Resources, L.P.'s Motion to Compel Production of Documents from Big Dog Enterprises Logistics, LLC, The Hursey Group, LLC, and David Hursey. **(Doc. 297)**. Defendants filed a response at **Doc. 298.**

Summit served its First Set of Requests for Production by mail on December 31, 2007. Defendants mailed their response on February 5, 2008, which was a day late. **See, Fed.R.Civ.P. 34(b)(2) and 6(a)**. Defendants objected to every one of the 25 requests. **Doc. 297, Ex. B**.

The requests ask for copies of both paper documents and electronic communications. With respect to the paper documents, defendants stated that defendants' documents were reviewed by plaintiff during the application process with respect to the financing agreement entered into by the parties in October, 2006, and also by plaintiff's auditors in 2006 and 2007. Defendants objected to producing the documents again. Defendants also pose additional boilerplate objections as to scope and relevance.

Defendants' response disputed Summit's representation that a Rule 37 conference had

1

taken place. The court ordered the parties to file memoranda regarding same. The parties have done so at **Docs. 304 - 306.**

Counsel for Summit and the Big Dog defendants agree that they had a telephone conference on March 13, 2008, during which the subject of document production was addressed. However, it appears that the conversation concerned Big Dog's position that it did not have to produce any documents because Summit and its auditors had reviewed all of its documents before suit was filed. It does not appear that defendants' substantive objections to specific requests were discussed. Therefore, the court will rule on the part of the motion that has been the subject of a Rule 37 conference.

In their response to request number 1, defendants explain that their documents were reviewed by plaintiff and its auditors, and that "plaintiff copied each and every such document tendered to it." Defendants object to providing additional copies, and state "Subject to said objection, see documents previously provided to Plaintiff."

Defendants would be in a better position if they had identified the responsive documents, but referred plaintiff to the copies which are already in plaintiff's possession. They have not done so. It is manifestly unreasonable for defendants to simply refer plaintiff to the documents that were previously provided without identifying which documents are responsive to the requests.

Upon consideration and for good cause shown, Summit Financial Resources, L.P.'s Motion to Compel Production of Documents from Big Dog Enterprises Logistics, LLC, The Hursey Group, LLC, and David Hursey **(Doc. 297)** is **GRANTED in part and DENIED in part as follows:**

1. Defendants' objection that it need not produce any documents because plaintiff has already reviewed its documents, as stated in response to request number 1 and repeated in response to every other request, is overruled, and the motion is **GRANTED** in that regard. Defendants are required to specifically identify the documents which are responsive to each request, and to produce any such responsive document that has not already been produced, subject to the following paragraph.

2. The court will not rule on defendants' other objections, as those objections have not been the subject of a Rule 37 conference. The parties are directed to participate in a Rule 37 conference and to make a *good faith* effort to resolve defendants' other objections.

3. If any objections remain unresolved after a Rule 37 conference, plaintiff may again move to compel.

**IT IS SO ORDERED.**

**DATE: September 9, 2008.**

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**UNITED STATES DISTRICT JUDGE**