# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SUMMIT FINANCIAL RESOURCES L.P., | ) )  ) |
| Plaintiff, | ) ) |
| v. | )     Case No. 07-CV-00187-MJR-CJP ) |
| BIG DOG ENTERPRISES LOGISTICS, LLC, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

**REAGAN, District Judge**:

On October 6, 2008, Plaintiff Summit Financial Resources, L.P. filed a motion for default judgment against Big Dog Enterprises Logistics, LLC, The Hursey Group, LLC, David Hursey, Aged Assets, LLC, Commercial Property Management, LLC, and Hursey Technology, LLC (Doc. 314). Therein, Plaintiff argues that these Defendants have continuously failed to comply with discovery, even though the Court has granted Plaintiff's motions to compel (see Docs. 166, 301, & 302). Most recently, the Court ordered that Defendants "produce to counsel for Summit copies of all documents identified in defendants' initial disclosures no later than September 10, 2008" (Doc. 301). Plaintiff indicates that it still awaits Defendants' initial disclosures as required by **Federal Rule of Civil Procedure 26**.

Counsel for Defendants argues that he has been working with Plaintiff in an attempt to narrow discovery issues and provide the requested documents (see Doc. 318). However, counsel explains that on September 22, 2008, he was hospitalized for an illness. According to Defendants' counsel, this illness has interfered with his ability to work at full capacity and therefore has delayed compliance with the Court's orders. Counsel also indicates

that he believed the parties were in the process of amicably and informally resolving discovery issues, and thus did not file a motion for an extension of time. Finally, Defendants note that trial is nearly a year away, and discovery does not close for approximately six months. As a result, Defendants argue that a default judgment would be an unwarranted sanction at this stage of the case.

On October 28, 2008, the Court received a letter from Defendants' attorney, which has been docketed as a sealed document (Doc. 324).[1] Therein, counsel relates more specific information about his illness and states that documents in response to Plaintiff's discovery requests are being gathered. Counsel states that he expects that a full exchange of discovery will be completed in no more than three weeks. Additionally, counsel notes that updated Rule 26 disclosures were recently filed (see Docs. 321, 322, & 323).

In response to these arguments, Plaintiff argues that the Defendants have proffered no justification for the delay (Doc. 320). Specifically, Plaintiff argues that disclosures were originally due more than one year ago, that Defendants have repeatedly failed to comply with the Court's orders, and that defense counsel's illness did not affect compliance with these orders until after deadlines had already passed.

When a party fails to comply with a court order, **Rule 37(b)** permits various sanctions, including "rendering a default judgment against the disobedient party." As Plaintiff notes, default judgment is a severe sanction. The Court may only enter default judgment under Rule 37 where it is proportional to the discovery failure and lesser sanctions would be inappropriate.

---

[1] The letter also indicates that a copy was sent to opposing counsel.

Here, default judgment is not warranted. Discovery is not due for another six months, and it is not clear that lesser sanctions would be ineffective. The Court is not unsympathetic to Plaintiff's frustration, as it has repeatedly attempted to move forward with discovery. While initial delays may not disrupt the parties' case management, repeated delays certainly make it difficult to develop issues in the case, produce dispositive motions, and adequately prepare for trial. Nonetheless, default judgment is too extreme at this stage of the case, where substantial time for discovery remains. In short, Plaintiff's current motion overreaches.

The Court also notes that while other sanctions may be appropriate, Plaintiff does not seek such relief at this time. At any rate, the Magistrate Judge may consider a motion for less severe sanctions if Plaintiff chooses to properly brief the issue.

Accordingly, the Court hereby **DENIES** Plaintiff's motion for default judgment **without prejudice** (Doc. 314).

**IT IS SO ORDERED.**

**DATED this 30th day of October 2008.**

<u>s/ Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**