IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SUMMIT FINANCIAL RESOURCES, L.P.**, **ESTEES EXPRESS LINES, INC.**, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil No. 07-187-MJR ) |
| **BIG DOG ENTERPRISES LOGISTICS**, et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the court is Plaintiff's Verified Motion for Sanctions and for Emergency Hearing on Discovery Matters. **(Doc. 337)**. The motion is directed to defendants Big Dog Enterprises Logistics, LLC, The Hursey Group, LLC, David Hursey, Aged Assets, LLC, Commercial Property Management, LLC, and Hursey Technology, LLC, referred to collectively as the "Big Dog Defendants." Defendants filed a response at **Doc. 341**, and plaintiff filed a reply at **Doc. 342.**

The motion addresses two areas of discovery. First, plaintiff asserts that defendants have failed to follow previous orders requiring them to produce documents. At the time this motion was filed, a previous motion to compel and sanctions was pending. However, that previous motion has now been ruled on, and the issues regarding production of documents are resolved, at least for the moment. **See, Doc. 338.**

The second, and more pressing, issue is the failure of defendants to appear for depositions as noticed. Both parties go into some detail regarding the details of their

1

communications, but the operative facts are that plaintiffs served notices of defendants' depositions, defendants did not move to quash the notices, and defendants failed to appear. Plaintiff seeks sanctions.

On October 31, 2008, plaintiff served notices to take depositions of the corporate designees of defendants Big Dog Enterprises Logistics, LLC, The Hursey Group, LLC, Aged Assets, LLC, Commercial Property Management, LLC, and Hursey Technology, LLC, for December 3, 2008. As defendants point out in their response, there were some e-mail communications after the notices were served in which plaintiffs' counsel suggested that alternate dates could be discussed if the date of December 3, 2008, was unworkable, and later stated that the deposition dates needed to be "nailed down." While defendants' counsel did communicate the fact that both he and his primary client contact had some health issues, defense counsel never definitely stated that his clients could not appear on December 3, 2008, and he did not offer alternative dates. Thus, on November 24, 2008, plaintiffs' attorney stated in an e-mail that "since we have not heard from you to the contrary, we are confirming the Rule 30(b)(6) depositions to begin on December 3." **Doc. 337, Ex. 6**. Defense counsel did not respond to that message. Plaintiffs' counsel traveled from Denver, Colorado, to Belleville, Illinois, on December 2, 2008, but defendants and their attorney failed to appear for the depositions on the next day.

Defense counsel suggests that there was miscommunication about the scheduling of depositions, and that both parties are at fault. The court disagrees. Plaintiffs properly noticed the depositions for December 3, 2008. While plaintiffs' counsel indicated a willingness to change the date if necessary, defense counsel did not communicate that the date would not work

or suggest an alternate date. Defense counsel made no response at all to the November 24, 2008, e-mail, which unambiguously confirmed that plaintiffs intended to proceed with the depositions as scheduled on December 3, 2008.

The court is not unsympathetic to the health problems experienced by counsel and one of his clients. However, this case has been plagued by defendants' repeated failures to participate in discovery.

Upon consideration and for good cause shown, Plaintiff's Verified Motion for Sanctions and for Emergency Hearing on Discovery Matters **(Doc. 337)** is **GRANTED in part as follows**:

1. Defendants shall produce corporate designees to testify as directed in plaintiffs' depositions notices, attached to **Doc. 337** as **Ex. 1**, on a date to be specified by plaintiffs.

2. Plaintiffs' request for sanctions is **GRANTED**. Plaintiffs shall file a statement of the costs directly attributable counsel's appearance in Belleville, Illinois, for the depositions scheduled for December 3, 2008. The statement shall be filed by **December 18, 2008.**

3. The request for a hearing is denied as moot.

Plaintiffs' Motion to Supplement Its Motion for Sanctions **(Doc. 339)** is **GRANTED**.

**IT IS SO ORDERED.**

**DATE: December 11, 2008.**

                                           **s/ Clifford J. Proud**
                                           **CLIFFORD J. PROUD**
                                           **UNITED STATES DISTRICT JUDGE**