IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SUMMIT FINANCIAL RESOURCES, L.P.**, ) <br> **ESTEES EXPRESS LINES, INC.**, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **BIG DOG ENTERPRISES LOGISTICS**, ) <br> **et al.**, ) <br> ) <br> Defendants. ) | Civil No. 07-187-MJR |

## ORDER

**PROUD, Magistrate Judge:**

The court recently granted two motions for sanctions filed by Summit Financial Resources, L.P. **See, Docs. 338 & 344**. The grounds for the imposition of sanctions was the failure of the "Big Dog Defendants" (Big Dog Enterprises Logistics, LLC, The Hursey Group, LLC, David Hursey, Aged Assets, LLC, Commercial Property Management, LLC, and Hursey Technology, LLC) to comply with the court's orders compelling the production of discovery responses, and the failure to appear for depositions pursuant to Fed.R.Civ.P. 30(b)(6).

In its orders granting the motions, the court directed Summit to file statements of "the attorneys fees directly attributable to the preparation and filing of discovery motions directed to the Big Dog Defendants" **(Doc. 338)**, and of "the costs directly attributable counsel's appearance in Belleville, Illinois, for the depositions scheduled for December 3, 2008 **(Doc. 344)**. Plaintiff has now done so at **Docs. 345 and 347**, respectively.[1]

---

[1] **Doc. 345** was erroneously docketed as a motion.

1

Fed. R. Civ. P. 37 authorizes the court to order sanctions against a party who fails to comply with court orders or who fails to appear for a deposition. The court has flexibility in setting the amount of the sanctions. See, Rule 37(b)(2)(C) and (d)(3); Advisory Committee Comments, 1970 Amendment.

In **Doc. 345**, plaintiff asks the court to award it attorneys fees in the amount of $32, 222.50. Considering the rather simplistic nature of the discovery motions and the mitigating factor of health problems experienced by defendants' attorney, that amount is far in excess of what would be an appropriate sanction.

In **Doc. 347**, plaintiff seeks attorneys fees in the amount of $8,686.00, and costs in the amount of $1,454.00, associated with the Rule 30(b)(6) depositions that were scheduled for December 3, 2008. The court will award the amount of the actual costs, but not the attorneys fees. Again, the court considers the mitigating factors, and the fact that the knowledge gained during counsel's preparation for the depositions will no doubt be useful at some stage of this litigation.

For the foregoing reasons the court awards sanctions as follows:

The Big Dog Defendants (Big Dog Enterprises Logistics, LLC, The Hursey Group, LLC, David Hursey, Aged Assets, LLC, Commercial Property Management, LLC, and Hursey Technology, LLC) are collectively ordered to pay to Summit Financial Resources, L. P., the amount of **$1,000.00** as a sanction for their failure to comply with the court's orders regarding discovery, as discussed in **Doc. 338.**

The Big Dog Defendants (Big Dog Enterprises Logistics, LLC, The Hursey Group, LLC, David Hursey, Aged Assets, LLC, Commercial Property Management, LLC, and Hursey

Technology, LLC) are collectively ordered to pay to Summit Financial Resources, L. P., the amount of **$1454.00** as a sanction for their failure to appear for depositions, as discussed in **Doc. 344.** That amount represents the out-of-pocket expenses incurred in connection with the Rule 30(b)(6) depositions.

The above amounts shall be paid to plaintiff by **February 27, 2009.**

**IT IS SO ORDERED.**

DATE:  February 5, 2009.

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES DISTRICT JUDGE**
