# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SUMMIT FINANCIAL RESOURCES L.P., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| BIG DOG ENTERPRISES LOGISTICS, LLC, d/b/a FREIGHT HAULING LOGISTICS, THE HURSEY GROUP, LLC, AGED ASSETS, LLC, COMMERCIAL PROPERTY MANAGEMENT, LLC, HURSEY TECHNOLOGY, LLC, DAVID HURSEY, SUSAN HURSEY, and PEERLESS-PREMIER APPLIANCE CO., | ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 07-CV-0187-MJR-CJP<br><br>CONSOLIDATED WITH<br><br>Case No. 07-CV-0361-MJR-CJP |
| Defendants. | ) ) | |
| PEERLESS PREMIER APPLIANCE CO., | ) ) ) | |
| Counterclaim/Interpleader Plaintiff, | ) ) ) | |
| v. | ) ) | |
| SUMMIT FINANCIAL RESOURCES L.P., | ) ) ) ) | |
| Counterclaim/Interpleader Defendant. | ) ) ) | |
| PEERLESS PREMIER APPLIANCE CO., | ) ) ) | |
| Cross-claim/Interpleader Plaintiff, | ) ) ) | |
| v. | ) ) | |
| BIG DOG ENTERPRISES LOGISTICS, LLC, d/b/a FREIGHT HAULING LOGISTICS, DAVID HURSEY, THE HURSEY GROUP, LLC, | ) ) ) ) | |

| | |
|---|---|
| And | ) |
| | ) |
| **CSX INTERMODAL, INC., ESTES** | ) |
| **EXPRESS LINES, OVERNIGHT** | ) |
| **TRANSPORT-UPS FREIGHT,** | ) |
| **LANDSTAR RANGER, and** | ) |
| **SCHNEIDER NATIONAL CARRIERS,** | ) |
| | ) |
| Cross-Claim/Interpleader Defendants. | ) |
| | ) |

## ORDER

**REAGAN, District Judge**:

On March 15, 2007, Summit Financial Resources filed this action against Big Dog Enterprises Logistics, LLC, David Hursey, The Hursey Group, LLC, and Peerless-Premier Appliance Co. (Doc. 2).[1] The background allegations are as follows. Big Dog did business as "Freight Hauling Logistics" and served as a freight broker, pairing shippers of goods with freight carriers. Essentially, Big Dog helped obtain carriers to transport goods for a particular shipper as needed. The shipper then tendered the goods to the carrier, along with the appropriate Bill of Lading. Upon completion of the work, the carrier submitted an invoice and the appropriate Bill of Lading to Big Dog, and Big Dog would in turn collect payment from the shipper. When the shipper submitted payment, Big Dog would take a commission and then remit payment to the carrier for their work.

At some point, Big Dog found itself in need of additional cash flow. On October 31, 2006, Summit and Big Dog entered into a financing agreement, whereby Summit purchased Big Dog's accounts receivable at a reduced rate in exchange for working capital (Doc. 356-3,

---

[1] Later, Summit amended its complaint to add claims against Defendants Aged Assets, LLC, Commercial Property Management, LLC, Hursey Technology, LLC, and First Bank (Doc. 217). First Bank was dismissed with prejudice on June 12, 2008 (Doc. 293). Summit then filed a second amended complaint adding Susan Hursey as a Defendant (Doc. 313).

Exh. 1A). David Hursey and The Hursey Group guaranteed the performance of all obligations, and the full payment of all amounts, due from Big Dog under the agreement (Doc. 356-4, Exh. 1B; Doc. 356-5, Exh. 1C). However, Big Dog defaulted on its loan with Summit, and despite Summit's requests, Hursey and The Hursey Group have failed to cover Big Dog's debt. Accordingly, Summit sued each Big Dog, Hursey, and The Hursey Group to recover all amounts owed, plus interest, fees, and costs, under the financing agreement.[2]

Summit's second amended complaint was filed on October 3, 2008 (Doc. 313). On March 5, 2009, Summit filed a motion seeking summary judgment against Big Dog and the Hursey Group with respect to its Breach of Contract and Breach of Guarantee claims (Doc. 356).[3] The Court directed the Defendants to file their response no later than April 7, 2009 (Doc. 357). That date has come and gone, and the Defendants have neither filed any response, nor have they moved for an extension of time.

**FEDERAL RULE OF CIVIL PROCEDURE 56(e)** provides that

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

---

[2] Summit's claims against Peerless seek recovery of amounts that Peerless owed to Big Dog for freight brokerage services. Fearful that the carrier's might not be paid, and that it would have to pay twice for the same services, Peerless instituted an interpleader action involving Summit and the individual carriers to determine the rights of those parties. However, the instant motion does not involve the interpleader claims.

[3] On March 5, 2009, the Court stayed the entire case as to David Hursey and Susan Hursey, after they filed a suggestion of bankruptcy (Doc. 355). As a result of the stay, Summit does not seek summary judgment with respect to its claims as to either of these defendants.

Additionally, **Local Rule 7.1(c)** provides: "Failure to timely file an answering brief to a motion may, in the court's discretion, be considered an admission of the merits of the motion."

It appears that Summit's claims against Big Dog and The Hursey Group have merit, as the motion is supported by Big Dog's financing agreement (Doc. 365-3, Exh. 1A), The Hursey Group's written guarantee of the debt (Doc. 36505, Exh. 1C), and various documents reflecting the outstanding balance owed to Summit under the financing agreement (*see* Doc. 365-15, Exh. 1F). Additionally, Summit has provided a "Pre-Workout Agreement," signed on February 12, 2007, indicating that The Hursey Group and Big Dog essentially admitted that Big Dog defaulted on the financing agreement and that each is jointly and severally liable for the outstanding debt, plus any fees, costs, or expenses (Doc. 356-16, Exh. 1H). Indeed, the financing agreement itself provides for Summit's recovery of interest, attorney's fees, and costs (*see* Doc. 356-3, Exh. 1A, ¶¶ 23–27). In light of these exhibits, and pursuant to **FED.R.CIV.P. 56(e)** and **Local Rule 7.1(c)**, summary judgment shall be entered in favor of Summit and against Big Dog and The Hursey Group with respect to their liability on the Breach of Contract and Breach of Guarantee claims. Each are jointly and severally liable for all amounts due and owing under the financing agreement, including any interest, costs, or attorney's fees, as provided for by the financing agreement and The Hursey Group's guarantee.

However, the Court declines to decide the issue of damages at this juncture. Summit claims that it is entitled to collect $1,449,525.01 from Big Dog and The Hursey Group. This amount is based on the allegations that Big Dog owes $653,048.20 in unpaid principal, $231,153.68 in prejudgment interest calculated pursuant to the terms of the financing agreement, $30,000 in early termination fees, and $535,323.13 in reasonable attorneys fees and costs.

However, after a review of the exhibits provided by Summit, the Court is not able to verify all of these amounts at this time.

First, Exhibit 1F appears to show unpaid principal in the amount of $403,048.20. It is not clear where the additional $250,000 comes from (Doc. 365-15, Exh. 1F). The Court is likewise unable to pinpoint the source and calculation of the $30,000 early termination fee. Additionally, there is no explanation of Summit's interest calculation, and in any case, without a clear picture of Big Dog's outstanding principal, interest cannot be fully determined. Finally, Summit's explanation of attorneys fees simply reveals the amounts paid to counsel with respect to this case, but with no accompanying explanation of total hours worked, the relevant hourly fee, or any other clarifying information (Doc. 365-17, Exh. 1I). The exhibits are insufficient from which to determine the full amount of damages at this time.

Accordingly, the Court hereby **GRANTS** Summit's motion for summary judgment on its Breach of Contract and Breach of Guarantee claims against Big Dog and The Hursey Group (Doc. 356) with respect to liability. Big Dog and The Hursey Group are jointly and severally liable for all amounts owed by Big Dog pursuant to the terms of the financing agreement and The Hursey Group's guarantee. This includes any interest, costs, or attorney's fees recoverable by Summit pursuant to the financing agreement or the guarantee.

The only issue remaining for decision on Summit's breach of contract claim against Big Dog (Count 1) and Summit's breach of guarantee claim against The Hursey Group (part of Count 2) is a determination of damages.

With respect to Big Dog, only Summit's fraudulent transfer claim (Count 4) remains pending. With respect to The Hursey Group, only Summit's alter ego claim (Count 7) remains pending. However, Big Dog and The Hursey Group filed counterclaims against Summit

for breach of contract, fraud, and for an accounting (Doc. 332). Summit's motion to strike Big Dog's counterclaims remains pending at this time (Doc. 334).

All claims and counterclaims stemming from Summit's Second Amended Complaint remain pending as to the other parties.

**IT IS SO ORDERED.**

**DATED this 24th day of April 2009.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**
