**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| SUMMIT FINANCIAL RESOURCES L.P., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| BIG DOG ENTERPRISES LOGISTICS, LLC, d/b/a FREIGHT HAULING LOGISTICS, THE HURSEY GROUP, LLC, AGED ASSETS, LLC, COMMERCIAL PROPERTY MANAGEMENT, LLC, HURSEY TECHNOLOGY, LLC, DAVID HURSEY, SUSAN HURSEY, and PEERLESS-PREMIER APPLIANCE CO., | ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 07-CV-0187-MJR-CJP |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge**:

### A. Introduction and Background

This matter comes before the Court on Summit Financial Resources's motion to strike the Defendants' counterclaims (Doc. 334). The background facts of this case are as follows.

On March 15, 2007, Summit Financial Resources filed this action against Big Dog Enterprises Logistics LLC, David Hursey, The Hursey Group LLC, and Peerless-Premier Appliance Co. (Doc. 2). Big Dog and the Hursey parties filed their answer on May 8, 2007 (Doc. 26). The Defendants raised no counterclaims against Summit at that time. After receiving leave to do so, Summit filed an amended complaint on March 6, 2008 (Doc. 217). The amended complaint added claims against other entities tied to Big Dog and Hursey, including Aged Assets LLC, Commercial Property Management LLC, and Hursey Technology LLC. In their answer to

the amended complaint, these Defendants again declined to raise any counterclaims against Summit (Doc. 278). However, the Defendants did state that they

> may have counterclaims against Plaintiff and have tendered discovery requests to Plaintiff in an effort to research the facts before filing said counterclaims. Although responses from Plaintiff to said discovery requests were due prior to the date when the Hursey Parties were to plead, Plaintiff indicated that it requires additional time to provide said discovery responses. As such, the [Defendants] will withhold filing any counterclaims until they have received and reviewed the complete responses from Plaintiffs to the [Defendants'] discovery requests. (Doc. 278, p. 20).

Seven months later, Summit was again granted leave to amend. On October 3, 2008, Summit filed a second amended complaint adding Susan Hursey as a defendant (Doc. 313). Defendants filed their answer on November 5, 2008 (Doc. 332). For the first time, and without seeking leave to do so, Defendants raised three counterclaims against Summit.[1]

Summit now moves to strike the Defendants' counterclaims, arguing that they have been waived because they were not raised in the Defendants' original answer, that the counterclaims are unrelated to Summit's most recent amendments to its complaint, that the Defendants failed to seek permission to add the counterclaims, and that the counterclaims are untimely and in bad faith (Doc. 334). In response, Defendants ask this Court to grant them leave to add the counterclaims instanter (Doc. 346).

Having fully considered the parties' filings, the Court hereby **DENIES** Summit's motion to strike and **GRANTS** Defendants' request for leave to add the counterclaims instanter.

### B. Analysis

**FEDERAL RULE OF CIVIL PROCEDURE 13(a)** identifies compulsory counterclaims. **Rule 13(a)** requires that

---

[1] On March 5, 2009, the Court stayed any and all claims against David Hursey and Susan Hursey after they filed a suggestion of bankruptcy (Doc. 355).

> a pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:
> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
> (B) does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

In light of this standard, it appears, and Defendants do not contest, that the counterclaims at issue here are compulsory.

A compulsory counterclaim that is not brought in the answer is generally lost as to future litigation. However, "[t]he court may permit a party to amend a pleading to add a counterclaim if it was omitted through oversight, inadvertence, or excusable neglect, or if justice so requires." **Rule 13(f).** Consequently, the Court can resolve the instant motion simply by determining whether to grant the Defendants leave to add their counterclaims, as they have requested.

Because the Defendants' filing is devoid of any explanation as to why the counterclaims were filed at such a late date, their addition is obviously not warranted on the basis of "oversight, inadvertence, or excusable neglect." Thus, the Defendants' requested relief can only be granted "if justice so requires."

In support of such a finding, the Defendants argue that when they submitted the counterclaims, substantial time remained for discovery. Indeed, Defendants filed their counterclaims on November 5, 2008 (Doc. 332). Discovery was not set to conclude until May 1, 2009, leaving six months for the parties to fully investigate the claims. Consequently, Summit was not prejudiced by an inadequate discovery schedule. And though discovery has now concluded, the Defendants' response indicates that the parties have in fact engaged in discovery as to their counterclaims (Doc. 346). Thus, were the Court to strike the counterclaims now, the parties would have conducted pointless additional discovery and wasted valuable resources.

Additionally, the fact that the counterclaims are compulsory falls in the Defendants' favor, for if the Court does not permit these claims to be tried here, they are lost forever. *See Pogue v. Allied Prods. Corp.*, **1989 WL 111854, \*2 (N.D. Ill., Sept. 20, 1989).**

Moreover, despite the belated filing of these counterclaims, the Court cannot find anything in the record to confirm Summit's allegation that the Defendants' conduct constitutes bad faith. As explained above, the Defendants' answer to the first amended complaint indicates that they believed they had counterclaims against Summit, but declined to file them at that time because of certain discovery delays involved in the case (Doc. 278, p. 20). This does not suggest bad faith, but rather indicates that the Defendants wished to confirm the viability of any such claims before raising them. In other words, Defendants appear to have made an earnest attempt to avoid filing baseless claims that were, at that time, unsupportable based on the discovery in their possession. In fact, the only detriment Summit now faces is the additional time and expense of litigating the counterclaims, but that would be the case even if the counterclaims had been filed earlier.

Taking all of these factors into consideration, the Court finds that justice requires that the Defendants be permitted to proceed on their counterclaims.

### C. Conclusion

Accordingly, the Court hereby **DENIES** Summit's motion to strike (Doc. 334) and **GRANTS** the Defendants' request for leave to file their counterclaims instanter (Doc. 346). As a result, the Defendants' counterclaims (Doc. 313) shall be deemed timely filed.

**IT IS SO ORDERED.**

**DATED this13th day of July 2009.**

> **s/ Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**