# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SUMMIT FINANCIAL RESOURCES L.P., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| BIG DOG ENTERPRISES LOGISTICS, LLC, d/b/a FREIGHT HAULING LOGISTICS, THE HURSEY GROUP, LLC, AGED ASSETS, LLC, COMMERCIAL PROPERTY MANAGEMENT, LLC, HURSEY TECHNOLOGY, LLC, DAVID HURSEY, SUSAN HURSEY, and PEERLESS-PREMIER APPLIANCE CO., | ) ) ) ) ) ) ) ) ) ) ) | Case No. 07-CV-0187-MJR-CJP  CONSOLIDATED WITH  Case No. 07-CV-0361-MJR-CJP |
| Defendants. | ) ) | |
| PEERLESS PREMIER APPLIANCE CO., | ) ) ) | |
| Counterclaim/Interpleader Plaintiff, | ) ) | |
| v. | ) ) | |
| SUMMIT FINANCIAL RESOURCES L.P., | ) ) ) ) | |
| Counterclaim/Interpleader Defendant. | ) ) ) | |
| PEERLESS PREMIER APPLIANCE CO., | ) ) ) | |
| Cross-claim/Interpleader Plaintiff, | ) ) | |
| v. | ) ) | |
| BIG DOG ENTERPRISES LOGISTICS, LLC, d/b/a FREIGHT HAULING LOGISTICS, DAVID HURSEY, THE HURSEY GROUP, LLC, And | ) ) ) ) ) | |

| CSX INTERMODAL, INC., ESTES | ) |
| EXPRESS LINES, OVERNIGHT | ) |
| TRANSPORT-UPS FREIGHT, | ) |
| LANDSTAR RANGER, and | ) |
| SCHNEIDER NATIONAL CARRIERS, | ) |
| | ) |
| Cross-Claim/Interpleader Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On March 15, 2007, Summit Financial Resources filed this action against Big Dog Enterprises Logistics, LLC, David Hursey, The Hursey Group, LLC, and Peerless-Premier Appliance Co. (Doc. 2).[1] Peerless filed cross-claims and counterclaims for interpleader pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 22** (Doc. 24), claiming that Peerless was an impartial stakeholder and that either Summit or identified carriers were entitled to the funds. As such, Peerless deposited $409,980.56 with the Court as the interpleader stake (Doc. 98).

Most of the carriers were terminated from the action either through default judgment (*see* Docs. 126 & 157) or else voluntary dismissal (*see* Docs. 105, 134, 197, 227, & 272). The remaining carriers filed cross-claims and/or counterclaims against Peerless and Big Dog seeking to obtain payment of any amounts not otherwise recoverable from the stake. The parties referred to these claims as "deficiency claims."

After the Court granted in part and denied in part the parties' cross-motions for summary judgment, only the following carriers remained as active parties to the

---

[1] Big Dog Enterprises Logistics LLC, the Hursey Group LLC and David Hursey are referred to herein as "the Big Dog parties."

interpleader action: CSX Intermodal, Inc., Estes Express Lines, Overnite Transport-UPS Freight, Landstar Ranger, and Schneider National Carriers.[2]

Recently, the interpleader parties informed the Court that they had settled their claims as to the interpleader action (Doc. 376). As a result, the Court ordered the interpleader stake disbursed according to the parties' requested distribution amounts and dismissed the interpleader claims (Doc. 392).

However, that Order did not entirely resolve the matter because the deficiency claims still remain. In its June 25, 2009 Order (Doc. 378), the Court noted that the following claims are pending:

> • CSX has counterclaims pending against Peerless and Big Dog (Docs. 64 & 127).
>
> • Overnite has counterclaims pending against Peerless and Big Dog (*see* Doc. 239).
>
> • Estes has a claim pending against Peerless only (which came into the case when 07-CV-0361-MJR was consolidated with 07-CV-0187-MJR) (Doc. 141).
>
> • Landstar has counterclaims pending against Peerless and Big Dog (Doc. 78).
>
> • Schneider has counterclaims pending against Big Dog (Docs. 91 & 146), and though summary judgment was granted in its favor as to its counterclaims against Peerless (Doc. 359), there are still outstanding questions regarding the amount of damages.

---

[2] Though all of the motions seeking summary judgment on the interpleader action were ripe as of May 2008, the Big Dog Parties neither sought summary judgment, nor did they file responsive briefs to the motions for summary judgment. Accordingly, the Court noted that the Big Dog Parties had abandoned any claim to the stake they may have previously asserted (Doc. 359). On March 5, 2009, nearly a year after the Big Dog Parties abandoned their interpleader claims, the Court stayed the entire case as to David Hursey and Susan Hursey, after they filed a suggestion of bankruptcy (Doc. 355).

• Summit's claims against Peerless also remain pending, though the resolution of the interpleader action likely also resolves these claims.

On June 26, 2009, Estes, CSX, and Overnite filed motions to dismiss their "claim[s] against the Stake and all claims, cross-claims, and counterclaims" with prejudice (Docs. 380, 385, & 386). Landstar also filed a motion to dismiss its "claim against the Stake and all claims, cross-claims, and counterclaims" with prejudice (Doc. 394). Additionally, Summit filed a motion to dismiss "any and all [of Summit's] remaining claims in this action to the Interpleader Stake and against Peerless-Premier Appliance Company" (Doc. 389).

**FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)** provides that where the defendant has answered the complaint or filed a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Having fully considered these filings, and having received no objections, the Court hereby **GRANTS** the motions to dismiss (Docs. 380, 385, 386, 389, & 394). The relevant claims are dismissed as follows:

- CSX's counterclaims against Peerless and Big Dog are **DISMISSED with prejudice**.
- Overnite's counterclaims against Peerless and Big Dog are **DISMISSED with prejudice**.
- Estes's claim against Peerless is **DISMISSED with prejudice**.[3]
- Landstar's counterclaims against Peerless and Big Dog are **DISMISSED with prejudice.**

---

[3] The Court notes that this particular claim originally stems from a complaint filed in a separate action, filed as Case Number 07-CV-0361-MJR, which was consolidated with the above-caption action on October 1, 2007 (Doc. 141).

- Summit's claims against Peerless are **DISMISSED with prejudice**.

**Consequently, CSX, Overnite, Estes, and Landstar are entirely dismissed from this action.**

This leaves Schneider's counterclaims against Peerless and Big Dog. Summary judgment was previously granted in Schneider's favor with respect to its claims against Peerless (Doc. 359). Schneider has informed the Court that it has reached a settlement agreement with Peerless as to the issue of damages (Doc. 383). However, Schneider declines to dismiss its claim against Peerless until such time as it actually receives payment. Additionally, Schneider has not informed the Court as to whether it intends to dismiss its counterclaims against Big Dog. As a result, the Court **DIRECTS** counsel for Schneider to file a status report **no later than July 20, 2009** regarding its counterclaims against BOTH Peerless and Big Dog. Failure to report in a timely fashion may result in dismissal of these claims.

**IT IS SO ORDERED.**

**DATED this 13th day of July 2009.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**